Michael Henshaw v. Barbara Henshaw Thank you, Your Honors. May it please the Court, my name is Nathaniel Higa, representing Dane Field, Chapter 7 Bankruptcy Trustee in this case. As the Court has pointed out, there's really only maybe one major issue with regard to this case, and that is what was the interest that was transferred by the debtors to the defendants that the trustee sought to unwind with the fraudulent transfer action. And I think as the Court has pointed out, there is an extraordinary body of case law that's been cited at the Bankruptcy Court, District Court, and now here before this Court, that shows that that is a 50% interest. The joint tenancy is a 50% interest. And if you look at the cases, the Inred Taranis case, which is a Seventh Circuit case, was a mother-daughter case involving the same type of joint tenancy. Are you arguing that we use the same analysis for both of these cases? For both of the appeals? Yeah. I'm sorry, I'm arguing specifically with regard to the fraudulent transfer appeal. Well, I can see your point on the first case, whether there was reasonable value given, there was findings made, etc., and that case plays pretty well. The problem I have was with the second appeal. I think the bankruptcy judge must have thought his or her work was done after the first, but there are two separate issues there. And in the second case, they're talking about reforming the deed, and it's an equitable action and it's entirely different from the first. And maybe the bankruptcy judge is getting confused, as I am, when you're arguing these cases together. I just am having great difficulty knowing whether arguments are made with regard to the first or the second because the analysis is completely different. So, let's set aside the first case, which is fairly clear, and go to the second case where I think the bankruptcy judge may have been making a mistake. So, I've made up my mind, but my questions are essentially with the second case. Now, the bankruptcy judge just seemed to think it all works that way, but reformation is entirely different. And so, tell me how the bankruptcy judge was right in his analysis, and just use the analysis the bankruptcy judge used in the second case. Thank you, Your Honor. I'll do my best to answer your question. Thank you. I know it's asking a lot. No, no, no. With regard to the dismissal of the counterclaim, I think it's important in looking at that issue argument to go back to what was claimed in the fraudulent transfer action, because that's really what we're looking at. Was the argument counterclaim made for reformation essentially the same claim that was made in the opposition to the motion for summary judgment on the fraudulent transfer? And the issue there is, is the defendant entitled to re-litigate the issue of whether the alleged intent of the defendants can alter the terms of the deed under which they transferred the property to the defendants? I'm sorry, under which the defendants had the property transferred from the debtors. When you look at what was argued before the bankruptcy court and the fraudulent transfer action, it is the identical facts and the identical argument while a different legal name... Identical facts or identical issues? What's the identical have to be? The identical facts raised to the same issue. The same issue is being litigated. The issue being, can their intent change the deed? Can they say, I know the deed says joint tenancy and I know that that usually means 50%, but we intended to do something different and because we intended to do something different, we want to change what that means. Precisely, but it didn't make any difference in the first case what they intended to do because the first case was decided on the basis that was not equitable change. The second case has to do with what they intended to do with the contract and that's separate and different and I don't think the bankruptcy judge really focused upon that. Now, you tell me where I'm wrong, but there must be for a claim of reformation for the egalitarian, they've got to have identical issues, three identical issues, and there's those factors. I hate factors. There are these factors that the restatement comes up with and after you take a look at that, I'm just not sure in my own mind whether the bankruptcy judge got to that point. So tell me where you're wrong because this, to me, is the most difficult part of the case. Thank you for bringing up the factors, the ninth surrogate, four factors. I know you don't like them, but the DC Money v. Browner case lays those four factors out. Before I get to them, though,  is borne out in the record. When you look at and you compare what was said in the first fraudulent transaction and what was argued in the counterclaim, and there's a reference on page 11, I believe, of the answering brief in that case comparing excerpts of record 179 through 180 with excerpts of record 95 through 97. In one case, the defendants argue that the deed fails to reflect the true intent of the party and that the interest should be equivalent to their respective contribution to the purchase price. Yeah, but you see, in the first case, it didn't make any difference. In the second case, it's the basic issue, what they thought they were doing. I think I have to respectfully disagree. I think those are the same thing. That's right. I can be wrong on it, but that's what I wanted you to tell me. I think those are the same thing. In the second portion, they argued that the form of the deed should be reformed to show the actual equitable interest of the joint tenants, arguing on the means of contributions to the property, showing a different intent than what was in the deed for joint tenancy. Looking at the factors for the Ninth Circuit, the first is whether there's the same evidence and argument that will be brought in. I think that's the same evidence and argument with regard to whether or not you can put in evidence of intent or evidence of some different deal, some different understanding of what was supposed to happen than what the deed itself says, the face of the deed and the parole evidence rule and how that applies. That's going to be the same law that's applied, whether the parole evidence rule can bar the admission of extrinsic evidence to change the face of the deed. You're looking at the restatement of second judgments, that fourth factor test? I'm actually looking at my notes, but let me find... The first factor of the four-factor test is that there be substantial overlap between the evidence or arguments to be advanced in the second proceeding than those advanced in the first. Right. So, why isn't there a substantial overlap, or do you see it as a... I think there is a substantial overlap. I think it's essentially the same argument that's being made, whether they can change the deed by saying that there was some different collateral... But it's completely different, isn't it? There, the issue involved was whether there was equal... Equity is given back and forth. Here, it's what we thought we were doing on a contract. I don't think that's the case, and let me point to something. In both cases, the argument was made on both issues. The argument was made that the reason for putting it in joint tenancy was for estate planning purposes. There was an argument made that this was the intent behind what we did with the deed, and that that changes, somehow, what the face of the deed should say, that there's a different intent here, and that's evidenced by we paid all $680,000, and you paid $8,000. But their intent, in the first case, made no difference. You're just talking about whether there's equal value given. Here, intent may make a difference. It's an issue because it's what they intend to do with the contract. I think there may be two different things talking. In the first case, there is an issue of value. The issue of whether equivalent value was given is there, but that's not, I think, the issue that the court looked at for purposes of the issue preclusion argument. That portion of the argument, the identity of issues portion, went to what was argued by the defendants for purposes of what was the interest that was transferred, whether the interest transferred was a 50% interest or whether it was some very small 1% or 2% interest. But it was irrelevant to the first case because you're looking at whether or not a particular value was given for what they received. In the second case, it's a different issue. It's what they intended to do. See, he's trying to reform the contract. He may not be able to reform it, but the way the case is now, we're not even looking at whether or not it is. In the fraudulent transfer action, there are two issues. There's the value issue, but there's also the issue of what was the interest that was transferred. And in the first issue, what was the interest that was transferred? Part of what is argued, in fact, all of what is argued by the defendants is we had a different intent when we transferred the deed. We had more value that we gave. But see, what they intended to do had nothing to do as irrelevant to the first case. It's the value that actually was transferred. And their argument is, as I understand it, that that was irrelevant to the first case, but it's the key issue in the second case. I disagree. I think it was determined to be irrelevant in the first case because the parole evidence rule applied and said you cannot change the face of the deed. But that doesn't mean it wasn't the issue that was argued, litigated, determined on the merits, and was essential to the judgment, which is the case here. And your argument is that comes within the sense of the factors of the restatement? Yes, definitely. And one of the reasons it's easy to show that, I mean, this was definitely essential because you had to determine what was the interest that was transferred. And you wouldn't be able to get to the value portion, which Your Honor is talking about, whether they did transfer equivalent value for purposes of a fraudulent transfer action. So they had to reach that. The bankruptcy court had to reach that point when it looked at the fraudulent transfer action up front. And that's the same point that was raised or attempted to be argued in the argument. I understand your argument. Yeah. OK. Do you have any cases in the Reformation context where the court applied the parole evidence rule? I do not off the top of my head, Your Honor, no. But I do think that it would. Hang on. What if Hawaii law were clear that in one context, the parole evidence rule most definitely applied, but in the Reformation context, we have a totally different rule? Then if that were the state of Hawaii law, your argument on issue preclusion goes away, I assume, right? Let me address the first part of your question first, if I can. Start wherever you want. Thank you. I think that the Reformation argument does not change. The Reformation argument does not change the parole evidence rule analysis. When you look at the Reformation cases, there were two cases that were cited in the reply brief. I think it was Lee versus Au, and I can't remember the second one. But there were two cases that were cited to say parole evidence is applicable and can be applied in the context of a Reformation case. Both of those cases involved the same set of types of facts that were involved in the Fukunaga case that was rejected by the district court. In Lee versus Au, you had parties on the same side of a transaction that determined that there was going to be a side deal where one would pay $25,000 to the other for the transfer of the title to the property. And that collateral agreement was able to be proven to show that there was a different interest other than joint tenancy. The same was true in the second case, which I cannot recall the name of, but it was a case in the context of a divorce decree. And through that, they made the same analysis that there was this side agreement of parties that are aligned. As the court pointed out, and as I think Judge Seabright very clearly articulated in the U.S. District Court opinion, what's happening here is very different than what's happening in Fukunaga. You have parties on the same side of a transaction that have a different agreement, a side agreement that's collateral. No, I know. But what if it turned out that under Hawaii law, in a reformation context, it didn't matter whether you had the parties on the same side. The courts just said the parole evidence rule is just out in this particular, because it's an equitable action, I don't know, whatever the reason was. It seems to me if that were the state of the law, then you could not prevail on this issue preclusion. I don't think that that could be the rule. And I think that that could not be the rule because of the policy behind the parole evidence rule and the availability of third parties to rely on the face of the deed. That's why I asked if you had a case in the reformation context that said that, because that would certainly make this real easy. But if you don't, then I guess I'm wondering whether Judge Wallace's instinct might be right, that the issues are different, and they can't just be sort of summarily, you can't just summarily dispose of the reformation action in the way that you're asking us to. I don't think that the issues are different. I think when you have parties that are attempting to change the deed, and the deed is clear on its face, it's unambiguous, then the general rule is that you cannot change what the joint tenancy interests are said to hold. The exception to that rule, as outlined in Fukunaga, is where you have a collateral agreement that's being enforced between two parties on the same side of the deed. And that makes sense, because in that context, you don't have the same issues of third parties relying on the deed, or needing to be able to, and that policy that enforces that. I think in whether you're talking about a claim of rebuttable presumption or a reformation argument, you do have that policy interest. And that should carry the day and make the argument come out of any exception formed by Fukunaga or otherwise, and back into the general rule, which I think is what Judge Seabright's opinion does. The defendants argue that he's making an exception to an exception. But I would say that this takes the case really from the exception, just back into the general rule of parole evidence rule applies in the face of the deed controls. Well, I'm of the opinion that the problem we have is not with you, but with the bankruptcy judge. His conclusion was rather striking. Reformation is just another legal pigeon hole in which the Henshaws attempt to play through our argument that the deed does not mean what it says. Well, he's overlooking completely that there's two different analyses there. It just seems to me that it is questionable. With the bankruptcy work, the judge says they would be identical to the evidence in the first. The evidence and argument would be identical. He's just wrong there, in my view. And I think the analysis led him down their own path as to his conclusion. If I may, I know I'm running very fast. You can argue with me, because I could change my mind by what you're going to say. Go ahead. If I can champion the cause of the bankruptcy judge for a second, I think while there are clearly two different claims, reformation claims, the issue is this particular issue, the issue that would have had to have been proven to make a reformation claim work, was that actually determined in litigate? And I think that's what he's saying, is that this issue, the issue of can you put in extrinsic evidence to change the deed, that's the same issue that's going to have to be decided in both cases. Yes, it's in the context of a different claim. Yes, that involves a different legal moniker. But it doesn't change the fact that the same issue was litigated and decided and was essential to the judgment, which is, I think, what happened, and which makes his opinion correct, in my mind. OK. It's an arguable case. It is. Thank you very much for your analysis. Thank you. Your time is up. We'll hear from counsel for the appellant. You've got two and a half and change for your rebuttal. I'll try to be brief. I agree with you, Your Honor, just so you know. The case is arguable. And I was thinking you'd come up against it. He said he hasn't made up his mind yet. So how do you do it? No, you don't know how I'm going to come out on this case. I just ask good questions. That's all. Excellent questions. What you've actually come up against is one of the problems with litigating in Hawaii. And that's there is not a huge body of law on an awful lot of topics. And so sometimes we are forced to stretch outside of the obvious constraints. If you go to California law, you can go back 200 years, essentially, and there's all kinds of case law and all kinds of things. Hawaii goes back less than 100 years, really. Only 50-plus of that are as an actual state and the state law is applying. One of the cases that does come up, or one of the cases that's perhaps analogous here, is this Mangal v. Mangal case that's cited, which is Hawaii Act from 2007. Sorry, I don't have the citation right off the top of my head there, but it's cited in the briefs. And in that case, the court, although not specifically pointing out the parole evidence rule and saying we're going to overrule it, or it doesn't apply here, goes outside of a deed and looks at a premarital agreement as evidence of what was intended by the deed. And so there are many cases, I think, where the intent of the parties in a reformation action goes outside of it. In fact, it doesn't make any sense to me how you could even argue reformation and that there was a mistake of intent if you can't present evidence of what the intent was. Well, your opponent's not saying that. He's just saying that it's only limited to the context where it's the parties on the sort of same side, right? And not with respect to an action involving a third party, as the trustee is here. Well, but who would be arguing what the intent of the deed was in this case? It's the henshaws and the debtors, right? Because they're the ones that had an intent when they created the first deed, not the second deed they were trying to avoid by a third party coming in after the fact and saying, what you did here is clearly a project of conveyance because you transferred half the value for no apparent value. I would argue that there is plenty of value that was given, but that's either here or there. And so in that case, how would the henshaws and or the debtors, whoever was being attacked in that third party action, provide any defense of any kind if they can't argue what the intent was? Are they just stuck and saying, oh, I guess you're right. I guess you caught me. I guess I can't do anything about this. That doesn't seem to be the right response. And I don't think it's the right rule of law here. I think the right rule of law is that you at least get to present your evidence. It can be believed or not believed. It can be sufficient or not sufficient. And I think it's a clear and convincing standard that should be applied, which is a fairly high standard in this case. And you present your evidence, and you find out what the judge makes a determination of. But you can't just say that that's, you're just out of luck. You don't get to provide a defense. That doesn't make any sense at all to me, especially not in the context of if you're trying to reform a deed. It's a very different issue. And I think I tried to argue this prior, but the Henshaws couldn't argue reformation in the first one because they didn't think what they had done was a mistake. It wasn't until the Bankruptcy Court ruled in the first case that the mistake became apparent. And they said, well, wait a minute. That's not what was intended here. That's not what we were trying to do. And in the first case, the issue was completely different than the intent, is what we did. What we did was there was a beneficial interest and there was a title interest, and those are separate things. And we should be able to provide evidence. I still believe we should be able to provide evidence that proves what those relative interests were in that property. I go back to my law school. Property is a bundle of sticks, and you get to talk about each one of those sticks. And in this case, you're basically saying the stick is what it is because it says so on the deed, not provide any evidence to any part of that particular part of the bundle. What you are asking us to do, I gather, is permit the matter to be resolved with each side introducing evidence. Correct. That is really the heart of this case, is do the Henshaws get to provide the evidence that proves what they say happened and what they say determines the actual equities and the actual interest in this case, or are they just precluded and it all matters, reformation, mistake, whatever the deal is. Are they stuck with that deed that may have been a mistake? And you have to understand the position of the bankruptcy trustee. You're threatening what appears to be an asset that the trustee can work with. Well, it's not the trustee's asset yet. It's not the trustee's asset until the transfer is avoided, right? I got you. So that's the point. OK. Thank you, counsel. Thanks. Excuse me if I could. I think there's another issue we need to bring up here, even though it wasn't raised by the parties. But we have to look at whether or not we have jurisdiction. And the issue that came up in this case is when the Henshaws and the trustee agreed to sell the property. Now there is an issue that just comes up automatically of that is whether or not this moots any appeal that we might have. There was an agreement between them that it could occur. It's important that we have to confirm whether or not we have jurisdiction in this case. The appeal itself was concerned both the dismissal under section 363 and allowing the sale of the underlying property, whether or not that would moot the reformation. I haven't looked into that yet. But it's obvious that we have to make a decision on it in order to determine whether we have jurisdiction to hear the appeal, the second appeal. So I wanted to give you a chance. It's very hard. You haven't had a chance to research this issue yet. But do you have anything off from just your general background of whether the appeal became moot when the Henshaws and the trustee agreed that the trustee could sell both yours and your parents' interest in the property? Sure. So just briefly, the stipulation to dismiss that portion of the appeal, a lot of effort was made to try to make sure that this was not an issue in the stipulations. It was not intended to be an issue. The second part of that is the underlying case was that under 363H to sell the whole property irrespective of the joint tenancy rights amongst the parties. And there were arguments made in the underlying case about whether or not the trustee had that right, given this particular tax. Well, suppose you win on the second case. Why wouldn't the property has already been sold? Well, it hasn't already been sold. So if it is sold under the stipulation, what would that do with the reformation case? Well, it still allows. So instead of fighting over property that may or may not be sold, you're essentially arguing over a pot of money and whose money that belongs to. So when the property gets reduced down to a dollar figure that's sitting in an account somewhere, then the rights to that property or the rights to that money come from the rights to the property from which it was derived. And so I don't think that by selling the property or agreeing to sell the property at this point removes the remainder of the case, which is what were the underlying rights that became that pot of money at the end of the day. Has the property been sold yet? It has not been sold yet. OK. Well, we'll give it some thought. But I wanted to get your initial view. And I thank you for that. OK. Thank you. Case just argued. We'll stand and submit it.
judges: Wallace, Farris, Watford